UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH A. MIHOIN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. C-04-383 |
| | § | |
| CITY OF CORPUS CHRISTI, et al., | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pending before this Court is defendants' Motion for Summary Judgment (D.E. 10) filed November 24, 2004. Plaintiff's response was due on December 8, 2004. As of the date of the signing of this order, plaintiff has failed to file a response. In addition, plaintiff did not challenge defendants' Response to Order to address Jurisdictional Issue (D.E. 12). Because plaintiff's pleading is broad enough to encompass a claim under Title VII, this Court finds that it has jurisdiction over the cause of action.

Summary judgment is appropriate only where there is no genuine issue of material fact. Fed. R. Civ. P. 56. The Court may consider all pleadings, depositions, affidavits, and other evidence before it, and "[t]he evidence must be viewed in a light most favorable to the nonmovant." *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003). Under Rule 56(e), "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading." FED. R. CIV. P. 56(e). Instead, the adverse party, "by affidavits or as otherwise provided in this rule, must set forth specific facts

showing that there is a genuine issue for trial." *Id.* When appropriate, failure to do so will result in an entry of summary judgment against the adverse party. *Id.* Plaintiffs failed to file any affidavits or even a response to defendants' Motion for Summary Judgment and attached affidavits, so this Court must accept defendants' evidence as true. *Lerma v. Savage*, 534 F.Supp.462, 465 (S.D.Tex. 1982).

## I.  FACTS

The undisputed facts are as follows. On May 7, 2003, plaintiff, a fire captain with the Corpus Christi Fire Department, allowed a local running group of men and womento use the fire station located on Belden Street as a check point for its runners at approximately 6:00 p.m. Plaintiff allowed on-duty firefighters to participate in the group's activities, including hosing down runners with water and throwing flour on them. When the runners left the station, plaintiff allowed the firefighters to meet the group at Dr. Rockits, a local bar. Plaintiff, along with these firefighters, drove Fire Truck 1 to Dr. Rockits at approximately 8:20 p.m. and participated in some partying and revelry with the running group. They arrived back at the station approximately one hour later. Plaintiff and all the other firefighters present at Dr. Rockits were on duty during the entire time that they spent at the club. Plaintiff was also the officer in charge while all of these events transpired.

These actions were found to be violative of article XI, section 2 of the City of Corpus Christi Rule & Regulations of the Civil Service Commission for Firefighters & Police Officers, which provides

> Violation of any of those operating procedures or special orders or of the following acts shall be declared to be cause for disciplinary suspension or demotion form the Fire Department . . . :
>
> 4. has willfully violated any of the provisions of the Civil Service Law or of the Rules of the Commission;
>
> 5. has violated any of the rules and regulations of the Fire or Police Departments or any special order;
>
> . . . .
>
> 13. has been incompetent or inefficient in the performance of the duties of his/her position;
>
> 14. has been guilty of neglect of duty;
>
> 15. has been guilty of conduct prejudicial to good order;
>
> . . . .
>
> 26. has been guilty of conduct of a nature to bring discredit upon the Fire or Police Departments or which is prejudicial to the good order and discipline of said departments.

Upon learning of the events and investigating the facts surrounding them, Fire Chief Juan J. Adame chose to terminate both plaintiff and another captain who was on duty. The other captain, a white male, chose to resign upon meeting with Chief Adame. Plaintiff was, at all times, aware of his ability to resign but chose not to do so. He was, therefore, terminated, based upon his conduct on the night

of May 7, 2003 and his failure to report the events to anyone up the chain of command.

## II.  DISCUSSION

### A.  Discrimination and Retaliation Under Title VII

Under Title VII, the plaintiff bears the initial burden of proof.  In order to survive summary judgment, he must raise a genuine issue of material fact that defendants discriminated against him.  FED. R. CIV. P. 56(c); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr., et al.*, 245 F.3d 507, 512 (5th Cir. 2001).  To do so, plaintiff must establish a prima facie case by showing that he "(1) is a member of a protected class; (2) was qualified for h[is] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably."  *Id.* at 512-13; *McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817, 1824 (1973).  The burden then shifts to the defendant to produce a legitimate, nondiscriminatory reason for the employment decision.  *Id.* at 513  Once the defendant offers evidence of a nondiscriminatory motive, the burden shifts back to the plaintiff to show that the employment decision was discriminatory.  *Id.* at 512.

Plaintiff's initial burden of proof cannot be met.  While the first three elements of his prima facie case are met, he cannot satisfy the fourth element.[1]  It is true that the other fire captain involved was allowed to resign rather than be terminated.  However, plaintiff makes no showing that he was unable to resign or unaware of his ability to resign.  In fact, his ability to resign at any time, as the other fire captain chose to do, is an unchallenged fact.  Furthermore, defendant has presented uncontroverted evidence that plaintiff's employment with the Corpus Christi Fire Department was terminated because of his conduct on May 7, 2003 and his failure to report the events of that night, which are clearly nondiscriminatory reasons. Therefore, plaintiff cannot establish a prima facie case of discrimination under Title VII.

## B.  Negligence

Defendants also seek summary judgment on plaintiff's claim for negligence based on governmental immunity.  This doctrine shields defendants from liability except to the extent it is waived.  *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994).  The three general areas for which immunity is waived do not apply here.  *See* TEX. CIV. PRAC. & REM. CODE § 101.021 (Vernon 1985).  Consequently, defendants are immune from liability for common law negligence.

---

[1] Plaintiff has shown that (1) he is hispanic, making him a member of a protected class; (2) he was qualified for his position as a fire captain; and (3) his employment was terminated.

## III.  CONCLUSION

Accordingly, defendants' Motion for Summary Judgment (D.E. 10) is GRANTED, and all causes of action against defendants are DISMISSED.

ORDERED this ____9th____ day of _____August_____, 2004.

*Hayden Head*
_____
HAYDEN HEAD
CHIEF JUDGE